UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil Action No. 10-5060 (SRC) |
| Plaintiff, | |
| v. | OPINION & ORDER |
| $7,599,358.09, et al., | |
| Defendants. | |

**CHESLER**, District Judge

This matter comes before the Court upon the motion filed by the Liquidator for reconsideration of the Court's June 18, 2013 Order granting summary judgment in favor of the Government, ordering the Defendant property forfeited and denying the Liquidator's motion for summary judgment, which attempted to defeat the forfeiture.[1]  The Government has opposed the Liquidator's motion for reconsideration of that ruling.  For the reasons that follow, the Court will deny the Liquidator's motion.

I.    **BACKGROUND**

The Liquidator is the Director of Insurance for the State of Illinois, acting in his capacity as state court-appointed Liquidator of two Illinois companies, Administrative Employers Group ("AEG") and Employers Consortium Inc. ("ECI"), which were solely owned by Allen Hilly. The Liquidator had filed a claim in this civil forfeiture action with respect to the Defendant

---

[1] For a more precise identification of the movants and the *res* at issue, the Court refers the reader to its June 18, 2013 Opinion.  This Opinion will use the same shorthand labels.

1

property. Subsequently, the Liquidator moved for summary judgment on his claim. The Government moved to dismiss his claim, and, by Order of April 24, 2013, the Court converted the Government's motion into one for summary judgment. In relevant part, the Court held in its June 18, 2013 Opinion on those motions that the Government had met its burden of demonstrating that the Defendant property is forfeitable under 18 U.S.C. § 981(a)(1)(C) but that the Liquidator, having made a claim deriving from AEG and ECI's standing to contest the forfeiture, had failed to carry his burden of establishing that the Liquidator was an "innocent owner" of the Defendant property pursuant to 18 U.S.C. § 983(d)(2).

## II. DISCUSSION

The Liquidator filed this motion as one to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). Rule 59, however, pertains to a judgment entered at the conclusion of a trial. In substance, and as briefed by the Liquidator, the motion seeks reconsideration of the Court's June 18, 2013 Order pertaining to the summary judgment motions. In the District of New Jersey, a motion for reconsideration is governed by Local Civil Rule 7.1(i). Rule 7.1(i) provides that a party may move for reconsideration "within 14 days after the entry of the order or judgment on the original motion" by the court. L.Civ.R. 7.1(i). A court may not grant a motion for reconsideration unless the moving party shows one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." See Banda v. Burlington County, 263 F. App'x 182, 183 (3d Cir. 2008) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). A

party's "mere disagreement" with the Court's decision does not warrant reconsideration. Yurecko v. Port Auth. Trans. Hudson Corp., 279 F. Supp. 2d 606, 609 (D.N.J. 2003). The moving party bears a heavy burden that cannot be met through "recapitulation of the cases and arguments considered by the court before rendering its original decision." G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting Carteret Savings Bank, F.A. v. Shushan, 721 F.Supp. 705, 709 (D.N.J.1989)).

The Liquidator's motion fails for a number of reasons.

First, the motion is untimely. The Liquidator filed this motion on July 12, 2013, almost a month after the June 18, 2013 Order he asks the Court to reconsider. Clearly, he has failed to comply with the governing rule's 14-day window.

Second, and most importantly, the Liquidator has not shown that any of the three bases for granting reconsideration are present here. His motion consists of disagreement with the Court's finding that the innocent owner defense does not apply to the Liquidator. He argues that the Court incorrectly found that AEG and ECI had taken no steps to stop Hilly from engaging in the criminal acts that gave rise to this forfeiture action, a finding he contends was not supported by the record. The Liquidator, however, apparently misunderstands the basis of the Court's rulings. The Court denied the Liquidator's motion for summary judgment and granted summary judgment in favor the Government on its forfeiture claim because, for reasons discussed at length in the underlying Opinion of June 18, 2013, the Liquidator could not, as a matter of law carry his burden to establish the innocent owner defense nor had he adduced any evidence that would create a genuine issue of fact on the matter. (See June 18, 2013 Opinion at 16-17.)

To reiterate from the June 18, 2013 Opinion, the innocent owner provision of the governing forfeiture statute provides an *affirmative defense* to a claimant asserting ownership rights to the property to be forfeited.  18 U.S.C. § 983(d)(1) ("[a] innocent owner's interest in property shall not be forfeited under any civil forfeiture statute.").  It clearly places the burden on the claimant to demonstrate, by a preponderance of the evidence, that it meets the statute's criteria for the claimant's ownership interest to take precedence over the Government's right to forfeit the criminal proceeds.  Id.  The Court examined the record and concluded not only that the Liquidator failed to establish that he was entitled to judgment as a matter of law but that he had failed to withstand the Government's motion for summary judgment by pointing to admissible evidence that would demonstrate a genuine dispute as to the innocent owner defense, as required by Federal Rule of Civil Procedure 56(c). The Court reasoned that the Liquidator had proffered "no proof whatsoever" in support of the innocent owner defense, i.e, that AEG and/or ECI did not know of Hilly's acts of wire fraud or took all reasonable steps to stop his criminal conduct, that is, deviation of funds turned over by clients of AEG and/or ECI for the intended purpose of satisfying tax obligations or procuring workers' compensation insurance.  See 18 U.S.C. § 983(d)(2)(A) (setting forth applicable grounds for proving innocent owner defense). The Liquidator has not pointed to any clear error of law made by the Court in reaching these conclusions nor does he indicate any intervening change in the controlling law. He also does not contend that he has learned of new, previously unavailable facts.

Instead, the Liquidator explains that he had not presented any evidence that AEG and/or ECI took steps to stop Hilly's fraudulent wire transfers because, in his view, that matter was not at issue in the underlying motions. He asks that the Court grant reconsideration to re-open the

4

record, pursuant to Rule 56(d), for additional discovery on the role of AEG and/or ECI employees, including one named Laurie Curci, in reporting Hilly to federal law enforcement authorities.[2] The Liquidator maintains that he "did not earlier raise Ms. Curci's role in connection with the summary judgment briefing, or that of other employees, because the matter was not in controversy, and the United States never claimed that AEG and ECI failed to take reasonable steps to terminate Hilly's conduct in response to the Liquidator's innocent owner defense." (Liquidator's Br. at 3.)

This argument frankly borders on the frivolous. As early as the briefing on the Government's motion to strike and/or dismiss the Liquidator's claim, which was later converted by the Court into a motion for summary judgment, the innocent owner defense had been in play. There, the Government primarily took the position that the Liquidator lacked standing to challenge the forfeiture, but it also argued that, alternatively, even if he could establish standing

---

[2] Apart from the belated presentation, the material that the Liquidator now submits in an attempt to show that he could prove that AEG and ECI tried to stop the fraudulent wire transfers would not, in any event, create a genuine issue of fact because the material he submits lacks evidentiary value. See Fed.R.Civ.P. 56(c) (material cited to support or dispute a fact must be presented in the form of admissible evidence). In his motion for reconsideration, the Liquidator, for the first time, states that "AEG/ECI employee Laurie Curci . . . recognized the wrongful nature of Hilly's wire transfers across state lines and took reasonable steps to notify appropriate law enforcement authorities." (Br. at 2-3.) He bases this statement on the declaration of his counsel, who states that two Assistant United States Attorneys with whom he spoke in the fall of 2008 regarding Hilly's prosecution informed him of the following: "that Ms. Curci was the employee who noticed Hilly's wrongful wire transfers, and that Ms. Curci contacted law enforcement to turn Hilly in and stop the wrongful contact." (Third Decl. of Michael Basil, at ¶ 4.) The Court notes that the Government disputes the accuracy of the Liquidator's factual assertions and submits its own declaration of an agent involved in the investigation of the criminal case against Hilly to controvert attorney Basil's statements, in particular stating that "neither Ms. Curci nor any other employee of either AEG or ECI communicated with me or any other member of law enforcement at any time prior to the arrest of Mr. Hilly." (Decl. of John Grammatikos, at ¶ 3.) Even without the agent's declaration, the Liquidator's "facts" are unavailing because attorney Basil's recollections of a conversation he had with Assistant United States Attorneys would not constitute admissible evidence as to the actions taken by Ms. Curci, much less evidence that "owners" of Defendant property AEG and ECI, of which Hilly himself was sole owner and CEO, were innocent owners within the meaning of 18 U.S.C. § 983(d)(2).

based on the ownership interests of AEG and ECI, the Liquidator could not demonstrate that they met the requirements of 18 U.S.C. § 983(d)(2), the forfeiture statute's innocent owner provision. (See Gov't Br. of Jan. 25, 2013 [docket entry 114] at 29-30.) The Liquidator, in his motion for summary judgment, affirmatively argued, albeit without reference to the governing statute, that AEG and ECI (and therefore he too) were innocent owners of the Defendant property. These motions were fully briefed. Upon review of the Government's motion, the Court determined that the motion and, specifically, the issue of whether the Liquidator could satisfy the innocent owner definition set forth in 18 U.S.C. § 983(d), required consideration of the factual record and accordingly converted the motion into one for summary judgment, pursuant to Rule 12(d). The April 24, 2013 order of conversion expressly put the parties on notice that the Court would review the record and evaluate whether summary judgment was warranted insofar as the motion concerned the effect of the innocent owner defense on the Liquidator's claim. Crucially, the Court advised that it would accept any additional argument or evidentiary material the parties wished to present on that issue. Another set of briefs was filed, but again, the Liquidator adduced no evidence in support of the innocent owner defense. The Government clearly argued in its brief following the Rule 12(d) conversion that the Liquidator was unable to establish any of the prongs of the innocent owner defense, including the requirement that the "owner" of the Defendant property did not know of the conduct giving rise to forfeiture or did all that could reasonably be expected to stop the conduct. Indeed, the Government stated throughout its brief that the Liquidator had admitted the truth of the Government's factual allegations that AEG and ECI themselves perpetrated the tax and insurance fraud schemes on their clients. (Gov't Br. May 10, 2013 at 8, 15-16.) Although the Liquidator filed a brief in opposition, he simply made no

response to this contention. In short, the Liquidator squandered numerous opportunities to present evidence concerning the innocent owner defense. His argument that he did not believe such evidence was relevant does not constitute a basis for the Court to reconsider its ruling on an issue that was clearly the focus of the Government's motion.

Finally, the Liquidator argues that the Court's decision regarding innocent owner status warrants reconsideration because the Court "overlooked" the fact that the Liquidator represents the rights of creditors and clients of AEG and ECI. The Court, in fact, thoroughly discussed the Liquidator's basis to assert standing to contest the forfeiture at issue and, moreover, also considered the policy arguments, repeated in this motion, that pursuant to his appointment under Illinois law as Liquidator of AEG and ECI, he is vested with the duty to protect and represent the interests of policyholders and the public. As to standing, the Court concluded that the Liquidator had standing because his rights derived from those of AEG and ECI. Indeed, had the Liquidator claimed standing based on the interests of the AEG and/or ECI clients, he would not have had the right to proceed with his claims challenging forfeiture. (See, e.g., August 15, 2011 Opinion (striking various claims filed as to the Defendant property by entities that had turned over funds to Hilly's companies, including AEG and ECI, for lack of standing.)) As to the Liquidator's public policy arguments, the Court observed in its June 18, 2013 Opinion that the interests of the Liquidator-represented insurance fraud victims would not take precedence over those of other victims of Hilly's crimes but neither would they be left without remedy. The federal forfeiture regulations, the Court noted, provides a process to seek compensation. Thus, the Court's decision denying the Liquidator's motion for summary judgment and ordering the Defendant property

forfeited to the Government does not create a situation of manifest injustice warranting reconsideration.

The Liquidator's arguments amount to a disagreement with the Court's findings as to standing and as to his failure to proffer evidence that could establish the innocent owner defense. This disagreement does not provide a basis for granting reconsideration. Yurecko, F. Supp. 2d at 609; Ivan v. City of Middlesex, 612 F. Supp. 2d 546, 551 (D.N.J. 2010) ("Because reconsideration of a decision after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted 'very sparingly.'"). Moreover, as discussed, raising facts and arguments that were not presented to the Court in connection with the underlying summary judgment motions will not obtain for the Liquidator the extraordinary remedy of reconsideration.

### III.   ORDER

Accordingly, for the reasons set forth above,

**IT IS** on this 29th day of August, 2013,

**ORDERED** that the Liquidator's motion to alter or amend judgment [docket entry 131] be and hereby is **DENIED**.

       s/ Stanley R. Chesler
      STANLEY R. CHESLER
     United States District Judge